UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICAN, N.A., | Case No. 3:16-cv-00158-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| TENAYA CREEK HOMEOWNERS ASSOCIATION; THUNDER PROPERTIES, INC.; and GAYLE A. KERN, LTD dba KERN & ASSOCIATES, LTD., | |
| Defendants. | |

**I.   SUMMARY**

This dispute arises from a non-judicial foreclosure sale ("HOA Sale") of real property located at 5293 Mount Dana Drive, Reno, Nevada 89506 ("Property") to satisfy a homeowners' association lien. Before the Court is Plaintiff Bank of America, N.A.'s ("BANA") motion for partial summary judgment on its quiet title/declaratory judgment claim ("Motion"). (ECF No. 77.) Because the Court agrees that BANA properly tendered the superpriority amount, the Court grants the Motion.[1]

**II.   BACKGROUND**

The following facts are undisputed unless otherwise indicated.

Vickie Cripps financed the Property in 2007 with a $195,083.00 loan ("Loan") from Home Mortgage Direct Lenders. (ECF No. 77-1.) The Loan was secured by a deed of trust ("DOT") against the Property. (*Id.* at 2) The DOT named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id.*)

///

///

---

[1] In addition to the Motion, the Court considered the errata to the Motion (ECF Nos. 78, 78-1), the response and joinder (ECF Nos. 81, 82) and reply (ECF No. 83).

Defendant Tenaya Creek Homeowners Association ("HOA"), through its trustee Kern & Associates, Ltd. ("Kern"), recorded a notice of delinquent assessment against the Property in April 2013. (ECF No. 77-4.) This notice provided that the monthly assessment amount was $68.00, and that Cripps owed a total amount of $2,114.00 as of April 11, 2013. (*Id.* at 2–3.) The HOA recorded a notice of default and election to sell on June 25, 2013, reflecting Cripps then owed $3,195.75. (ECF No. 77-5 at 2.) This noticed provided no superpriority amount. (*See generally* ECF No. 77-5.)

On July 22, 2013, BANA sent Kern a letter requesting that Kern identify the superiority amount of the HOA's lien. (ECF No. 77-6 at 4; *id.* at 9–10 (letter).) In response and *inter alia*, Kern refused to provide a statement of account without written authorization from the homeowner and directed BANA to the information in the notice of default. (ECF No. 77-6 at 4; *id.* at 12–13.) Based on the $68.00 monthly assessment amount identified in the notice of delinquent assessment, BANA calculated the nine-months of assessments to satisfy the superpriority amount as $612.00 and sent Kern a check for that amount in August 2013. (ECF No. 77-6 at 4,18–19, 21; ECF No. 77-7 at 16) Kern received the check but refused to accept it and ultimately returned it to BANA. (ECF No. 77-6 at 21; ECF No. 77-7 at 17–18.) The record does not reflect any other *notice* of delinquent assessment.

Kern recorded a notice of the HOA Sale on May 14, 2014 (ECF No. 77-9), and sold the Property to Defendant Thunder Properties Inc. ("Thunder") on June 11, 2014, for $11,000. (ECF No. 77-10 at 2.)

The DOT was recorded as assigned to BANA in 2015. (ECF No. 77-3) BANA is also the current servicer of the Loan to which the DOT is attached. (ECF No. 78-1 at 2.)

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

**IV.     DISCUSSION**

BANA argues that it is entitled to partial summary judgment on its quiet title/declaratory judgment claim for several reasons. The Court agrees, finding that BANA's tender preserved the DOT. The Court therefore does not discuss the parties' arguments beyond those addressing the tender issue.

BANA argues that it provided the HOA with adequate tender to satisfy the superpriority portion of the HOA lien and that it was not required to do more. (ECF No. 77 at 2, 6–10.) Thunder contends that BANA's tender was ineffective to preserve BANA's DOT on the Property because: (1) the HOA believed in good faith that a greater amount was due than what BANA tendered and therefore "rejected" the tender in good faith; (2)

questions of material fact exist regarding the amount of the super-priority lien; (3) BANA has not proven it kept its tender good; (4) BANA's tender offer was conditional; and (5) BANA did nothing after its tender was rejected. (ECF No. 81 at 7–17.)

First, the Court is unpersuaded by Thunder's position that the HOA's good faith belief that the amount of the super-priority lien was higher than the proffered tender or that it rejected the tender in good faith somehow operates to render BANA's tender ineffective. Thunder cites to a single Oklahoma case not concerning HOA foreclosure sales to support its argument. (ECF No. 81 at 12 (citing *Segars v. Classen Garage and Serv. Co.*, 612 P.2d 293, 295 (Okla. Ct. App. 1980).) That case is not binding on this Court and is antithetical to the persuasive and/or binding authority on the matter. To be clear, a tender is an "offer" of payment. 74 Am. Jur. 2d Tender § 22 (2012). To satisfy the superiority lien, the Nevada Supreme Court, relying on 74 Am. Jur. 2d Tender § 22, has explained the tender must be for "payment in full" and "unconditional, or with conditions on which the tendering party has a right to insist." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 118 (Nev. 2018), *as amended on denial of reh'g* (Nov. 13, 2018) (citing 74 Am. Jur. 2d Tender § 22). Once a valid tender is made, as a matter of law, it "operates to discharge a lien or cure a default." *Id.* at 117. Thus, it is impossible that Thunder's after the fact subjective good faith belief could serve to circumvent an otherwise valid tender. The Nevada Supreme Court has indicated, albeit in an unpublished decision, that the Court's position is the correct. *See SFR Invs. Pool 1, LLC v. Mortg. Elec. Registration Sys., Inc.*, No. 72222, 2018 WL 6433003, at *1 (Nev. Dec. 4, 2018) ("NAS's subjective good faith for rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the HOA's lien by operation of law."); *see also Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, No. 73785, 2019 WL 1087513, at *4 (Nev. Mar. 7, 2019) (even where a check is not sent to the HOA, an offer to pay a not-yet-determined superpriority amount plus a rejection of the offer preserves the first deed of trust). Accordingly, Thunder's good faith argument cannot bar summary judgment.

///

Second, Thunder fails to establish that actual questions of material fact exist regarding the amount of the superpriority lien. Really, the relevant question is not the amount of the superpriority lien, but instead the amount of the nine months of assessments. The law is clear that "[a] plain reading of [NRS § 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments." *Bank of Am., N.A.*, 427 P.3d at 117. Thunder does not particularly argue that BANA's nine-months-assessment tender of $612.00 was insufficient to cover the nine-months assessment amount. Instead, Thunder appears to argue that the tender was insufficient because BANA does not "demonstrate" that the HOA did not incur other charges—presumably maintenance and nuisance abatement charges—that BANA failed to pay. (ECF No. 81 at 12–13.) Thunder's argument misses the mark. It was the HOA's responsibility to indicate that the Property also had HOA charges for maintenance or nuisance abatement. *See, e.g.*, *id.* at 118 ("Bank of America tendered the correct amount to satisfy the superpriority portion of the lien ... [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement."); *PROF-2013-S3-Legal Title Tr. V v. Saticoy Bay LLC*, No. 2:16-cv-1346-JCM-CWH, 2018 WL 6003847, at *5 (D. Nev. Nov. 14. 2018) (noting "[the lender] relied on [the HOA]'s ledger to calculate nine months of assessments" and "[the HOA] like the HOA in *Bank of America*, did not indicate the property had any charges for maintenance or nuisance abatement"). Here, neither Thunder nor the HOA has produced any evidence that maintenance or nuisance abatement charges were assessed to the Property. (*See generally* ECF Nos. 81, 82 (Thunder and the HOA's opposition and joinder).) Accordingly, Thunder fails to raise a plausible argument regarding the sufficiency of the tendered amount.

Third, BANA's offered payment was permissibly conditional. Thunder purports BANA's tender was conditional because BANA indicated that the check amount was "non-negotiable" and that acceptance of the amount would render BANA's obligations to the HOA "paid in full." (ECF No. 81 at 15; ECF No. 77-6 at 18 (providing the quoted language).)

The Nevada Supreme Court has found materially the same language unconditional and otherwise valid. *Bank of Am., N.A.*, 427 P.3d at 118 (quoting Bank of America's "non-negotiable amount" and "paid in full" statement). The state's high court found "[a]lthough Bank of America's tender included a condition, it had a right to insist on the condition." *Id.* Thus, Thunder's conditional tender arguments are futile.

Fourth, BANA was not required to keep its tender good. *Id.* at 120 *(*quoting Annotation, *Unaccepted Tender as Affecting Lien of Real Estate Mortgage,* 93 A. L. R. 12 (1943)) ("[T]he necessity of keeping a tender good and of paying the money into court has no application to a tender made for the purpose of discharging a mortgage lien.").

Finally, Thunder's argument that BANA did nothing after its tender was rejected is equally unavailing. Again, the case law supports the conclusion that so long as BANA's tender was valid—that it was payment in full for the nine months assessment where no maintenance or nuisance abatement was indicated as owed and was permissibly conditional—it "prevented foreclosure as to the superpriority portion of the HOA's lien by operation of law." *Id.* (citations omitted).

In sum, none of Thunder's arguments support the conclusion that BANA's tender failed to preserve the DOT from being extinguished by the HOA Sale. The Court therefore grants partial summary judgment for BANA on its quiet title/declaratory judgment claim and declares that BANA's tender of the calculated nine months of HOA assessments preserved its DOT.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that BANA's partial motion for summary judgment (ECF No. 77) is granted. The Court declares that the HOA Sale did not extinguish the DOT and the DOT thus continues to encumber the Property. In light of the Court's ruling in favor of

BANA that the HOA Sale did not extinguish the DOT, BANA's remaining claims (*see* ECF No. 1) are dismissed as moot.

It is further ordered that the Clerk of Court enter judgment in BANA's favor in accordance with this order and close the case.

DATED THIS 12th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE